**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

Of Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PENDLETON DIVISION

| | |
|---|---|
| **DANIEL FELTON**, <br><br> Plaintiff, <br><br> v. <br><br> **OREGON DEPARTMENT OF CORRECTIONS,** an agency of the State of Oregon; **JAMEY FISHER**, <br><br> Defendants. | Case No. 2:20-cv-936 <br><br> **COMPLAINT** |

Plaintiff alleges:

## INTRODUCTION

1. This is a civil action concerning defendants' negligent failure to ensure Plaintiff's safety as well as defendant Jamey Fisher's deliberate use of excessive force against plaintiff.

PAGE 1 – **COMPLAINT**

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## JURISDICTION

2. This court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

3. Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

## VENUE

4. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b). Specifically, all of the acts and practices alleged herein occurred at Two Rivers Correctional Institution (TRCI) in Umatilla, Umatilla County, Oregon.

## PARTIES

5. Defendant Oregon Department of Corrections (ODOC) is an agency of the State of Oregon that operates Oregon prisons including TRCI.

6. Plaintiff Daniel Felton was at all times relevant, a prisoner of the state of Oregon in ODOC custody at TRCI.

7. Defendant Jamey Fisher is an employee of the ODOC who at all times mentioned herein, held the rank of corrections officer and was assigned to TRCI.

8. Defendant Fisher is directly and personally responsible and liable for violations of Plaintiff's civil rights as set forth below. At all times herein, Defendant Fisher acted under color of state law when committing the illegal acts. Defendant Fisher acted in bad faith and violated

PAGE 2 – **COMPLAINT**

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

clearly established laws which reasonable prison officials knew or should have known was illegal. Defendant Fisher is sued in his individual and official capacity.

## FACTUAL ALLEGATIONS

9. On June 18, 2018, Defendant Fisher and Officer Javier Montes-Cernas escorted Plaintiff from his cell in the segregation unit to the yard. Felton suffers from severe mental illness and was housed in the Mental Health Unit at TRCI. Contrary to established protocols, Defendant Fisher and Montes-Cernas failed to pat Felton down. Felton concealed a bed sheet under his clothes along with some paper.

10. In the yard, Felton removed the sheet, tied it to the pull-up bar in the yard, and placed his neck in the noose. Felton was hanging from the noose when Fisher and Montes-Cernas returned. Defendant Fisher and Montes-Cernas looked through the window looking on to the yard and observed Felton hanging from the noose. Fisher, instead of attempting to assist him, shouted at Felton though the port in the door leading into the yard area to stop hanging himself. When Felton continued hanging from the sheet, Fisher took out his pepper spray and sprayed Felton in the face through the port in the door. Fisher sprayed the entire can of pepper spray into Felton's face. Neither Fisher nor Montes-Cernas attempted to assist Felton by cutting him down or getting the noose off his neck. Eventually, other corrections staff arrived and cut Felton down from the pull-up bar.

11. Felton suffered burning and excruciating physical pain as a result of being sprayed in the face with pepper spray. Felton suffered severe emotional distress as a result of his suicide attempt as well as being attacked. Felton suffered injuries to his eyes and face as well as his neck. Felton was taken to the hospital and was not allowed to shower until he returned to the prison, more than six hours later.

PAGE 3 – **COMPLAINT**

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

12. Each individual acted under color of law and in their personal and professional capacities when they ignored Felton's cries for protection and deliberately placed him in harm's way.

13. Felton employed the prisoner grievance procedure available at TRCI and exhausted the grievance procedure in full.

14. Felton filed a Tort Claims Notice within the time allotted by statute.

## CLAIM I

### (42 U.S.C. § 1983 – against Defendant Fisher)

15. Plaintiff re-alleges all previous relevant paragraphs as if fully stated herein.

16. By spraying Felton in the face while he was hanging from a noose, as alleged above, Defendant Fisher violated Plaintiff's Eighth Amendment Rights under the U.S. Constitution. Defendant Fisher's use of force was excessive, pointless, cruel, malicious and violated Plaintiff's Eighth Amendment Rights under the U.S. Constitution.

17. Defendant Fisher's use of force caused Felton mental, emotional and physical injuries.

18. Defendants' acts were willful and malicious and done with reckless indifference to Felton's protected rights. Defendants should be assessed punitive damages in an amount as fixed by a jury to punish them and to deter such conduct in the future.

19. Felton is entitled to attorney fees, costs and disbursements pursuant to 42 U.S.C. § 1988.

## CLAIM II

### (Negligence – against Defendant ODOC)

20. Felton re-alleges all previous relevant paragraphs as if fully stated herein.

PAGE 4 – **COMPLAINT**

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

21. ODOC negligently exposed plaintiff to known dangers by failing to pat him down, as alleged above.

22. ODOC knew or should have known that failing to pat down plaintiff Felton would result in Felton smuggling in materials with which he could cause self-harm, including suicide by hanging.

23. ODOC failed to use reasonable care in incarcerating Felton, as alleged above. ODOC's conduct was negligent.

24. ODOC owes Felton a higher standard of care because of the nature of incarceration. As a ward of the State, ODOC manages all aspects of Felton's care. ODOC voluntarily took the custody of Felton and created a non-delegable duty to ensure that Felton was safe. ODOC did not meet its obligation to protect Felton.

25. ODOC's conduct was unreasonable in light of the risk of harm to Felton.

26. As a consequence of ODOC's negligence, Felton suffered physical harm and severe physical and mental pain and suffering.

27. Felton provided the State of Oregon with a timely Tort Claims Notice.

28. ODOC's conduct was a substantial factor in causing harm to Felton.

29. As a result of ODOC's conduct, Felton suffered non-economic damages in an amount to be proved at trial.

30. Felton is entitled to a prevailing party fee, his costs and his disbursements.

### THIRD CLAIM FOR RELIEF

**(Abuse of Vulnerable Person – against defendant ODOC)**

31. Felton re-alleges all previous relevant paragraphs as if fully stated herein.

PAGE 5 – **COMPLAINT**

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

32. At all times relevant, Felton was an incapacitated person under ORS 125.005 and a vulnerable person under ORS 124.100.

33. Defendants willfully inflicted physical abuse upon Felton, a vulnerable person.

34. Pursuant to ORS 124.100(2), Felton requests that the Court award amount equal to three times all economic damages determined at the time of trial

35. Pursuant to ORS 124.100(2), Felton requests that the Court award him reasonable attorney fees incurred in this matter.

36. Felton is entitled to his costs and disbursements.

## PRAYER

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment granting Plaintiff:

a) An award of compensatory damages to Felton in a sum that is just as determined by a jury;

b) An award of punitive damages in a sum that is just as determined by a jury;

c) Plaintiff's costs and attorney fees in this suit, and

d) Any additional relief this court deems just, proper, and equitable.

**Plaintiff requests a trial by jury on all matters so triable.**

DATED: June 10, 2020

**Law Offices of Daniel Snyder**

_s/ John Burgess_
John Burgess, OSB No. 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Of Attorneys for Plaintiff

PAGE 6 – **COMPLAINT**

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249